

A CERTIFIED TRUE COPY
APR 28 2005
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
4/29/05

28 2005

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

## DOCKET NO. 1674

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## *IN RE COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation presently consists of four actions: two actions in the District of Maryland and one action each in the Northern District of Alabama and the Western District of Pennsylvania. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defendant Irwin Union Bank & Trust Company to centralize these actions in the Western District of Pennsylvania or, alternatively, in the District of Maryland or the Western District of Missouri for coordinated or consolidated pretrial proceedings. Defendant Community Bank of Northern Virginia (CBNV) and the Pennsylvania plaintiffs support the motion. Two Alabama defendants also agree that centralization of these actions in the Pennsylvania district is appropriate. The Alabama and Maryland plaintiffs oppose 1407 centralization. If the Panel deems centralization appropriate, they suggest the Northern District of Alabama as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that CBNV and other lenders conspired with mortgage broker Equity Plus LLC a/k/a Equity Plus Financial, Inc., to include certain undisclosed fees and costs in residential mortgage settlements, and that this conduct violated various federal statutes and/or was improper under state common law theories of liability. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the Western District of Pennsylvania is an appropriate transferee district for this litigation. We note that i) an action is pending in the Pennsylvania district, ii) this district has the capacity to handle this litigation, and iii) a Pennsylvania action involving similar residential mortgage loans originated by CBNV and Guaranty National Bank of Tallahassee (which were subsequently purchased by the Residential Funding Corporation) has been settled and is currently the subject of multiple appeals to the Third Circuit.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gary L. Lancaster for coordinated or consolidated pretrial proceedings with the action pending there.[1]

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

---

[1] The Panel is conscious of the pending Third Circuit appeals, the outcome of which could conceivably affect the judge to whom this litigation is ultimately assigned.

## SCHEDULE A

MDL-1674 -- In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation

### Northern District of Alabama

*Clell L. Hobson, et al. v. Irwin Union Bank & Trust Co., et al.*, C.A. No. 7:04-2351

### District of Maryland

*David M. Chatfield, et al. v. Community Bank of Northern Virginia, et al.*, C.A. No. 1:04-2235

*Willard R. Ransom, et al. v. Community Bank of Northern Virginia, et al.*, C.A. No. 1:04-2236

### Western District of Pennsylvania

*Ruth J. Davis, et al. v. Community Bank of Northern Virginia, et al.*, C.A. No. 2:02-1201